07 CIV 8617



LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
ORAM TANKER LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCT 0 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

---------------------------------------------------------------X

ORAM TANKER LTD.,

ECF CASE

Plaintiff,

- against -

07 Civ.

FREEPORT MARINE S.A.,

Defendant.

---------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff ORAM TANKER LTD. ("ORAM"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, FREEPORT MARINE S.A. ("FREEPORT"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2. At all material times, plaintiff ORAM was and still is a corporation organized and existing under the laws of a foreign country, and was a time charterer of the M/T LIQUID CRYSTAL ("the Vessel").

3. Upon information and belief, at all material times, defendant FREEPORT was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at c/o Elmira Shipping & Trading S.A., 7, Fragoklissias, Marousi, Athens, Greece, and was the owner of the Vessel.

4. By a charter party dated January 3, 2007, (the "Charter Party"), plaintiff ORAM time chartered the Vessel from defendant FREEPORT for 12 months, plus or minus 20 days at plaintiff's option.

**COUNT ONE**

5. Plaintiff ORAM repeats and realleges the allegations set forth in paragraphs 1 through 4 of the Verified Complaint as if set forth more fully herein.

6. In or about September 2007, plaintiff ORAM and defendant FREEPORT entered into an agreement to terminate the Charter Party and redeliver the Vessel to defendant (the "Termination Agreement").

7. Pursuant to the Termination Agreement, the termination of the Charter Party was "without prejudice to any other claims, debts or liabilities whatsoever which either party may have against or owe to the other under the [Charter Party]."

8. Upon redelivery of the Vessel, defendant FREEPORT wrongfully and in breach of the Charter Party and the Termination Agreement, caused plaintiff ORAM to overpay hire in the amount of $22,397.46. Although duly demanded, the overpaid hire has not been returned to plaintiff.

**COUNT TWO**

9. Plaintiff ORAM repeats and realleges the allegations stated in paragraphs 1 through 8 of the Verified Complaint as if set forth more fully herein.

10. The Charter Party provided that: "Charterers shall accept and pay for all bunkers on board at the time of delivery and Owners shall on redelivery accept and pay for all bunkers remaining on board."

11. Defendant FREEPORT, wrongfully and in breach of the Charter Party failed to pay for the bunkers remaining on board the Vessel during redelivery.

12. As a result of this breach, plaintiff ORAM was wrongfully forced to pay defendant $128,275.00 for the bunkers which were remaining on board the Vessel. Although duly demanded, defendant has failed to reimburse plaintiff for the value of the bunkers that remained on board the Vessel.

**COUNT THREE**

13. Plaintiff ORAM repeats and realleges the allegations set forth in paragraphs 1 through 12 of the Verified Complaint as if set forth more fully herein.

14. During the course of plaintiff ORAM's time charter of the Vessel, the Vessel encountered a number of delays (including, but not limited to, delays due to engine problems, a failed tank cleaning, port stay for deslopping, off specification of cargo, *etc.*) none of which were caused by, or for the account of, plaintiff ORAM.

15. Pursuant to the Charter Party, plaintiff ORAM was entitled to deduct off-hire with respect to these delays, and for the additional port charges and bunkers associated with the delays.

16. Defendant FREEPORT, wrongfully and in breach of the Charter Party failed to make the deductions to off hire to which plaintiff ORAM was entitled.

17. As a result of this breach, plaintiff ORAM is entitled to off hire in the amount of $125,614.21. Although duly demanded, defendant has failed to reimburse

plaintiff for said off hire.

18. Pursuant to the Charter Party, all disputes between plaintiff ORAM and defendant FREEPORT are subject to English law and London arbitration.

19. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

20. Defendant FREEPORT cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has tangible or intangible property within this District.

21. Plaintiff ORAM hereby demands:

(a) Payment of $276,286.67 as security for the overpaid hire, cost of redelivered bunkers, and off hire due and owing to plaintiff ORAM;

(b) Payment of $58,000.00 to cover interest on these claims (recoverable under English law and calculated at 7.5% per annum over three years); and

(c) Payment of $60,000.00 to cover the anticipated legal fees and costs in connection with the London arbitration of these claims (recoverable under English law).

Total: $394,306.87

WHEREFORE, plaintiff ORAM prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant, citing it to appear and answer under oath all and singular the matters alleged;

b. since defendant cannot be found within this District, this Court issue an

Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff ORAM, in the amount of $394,306.87 to secure plaintiff ORAM's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d. judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e. plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: October 4, 2007

LYONS & FLOOD, LLP
Attorneys for Plaintiff
ORAM TANKER LTD.

By: [signature]

Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2652003\Pleadings\Verified Complaint.doc

**VERIFICATION**

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff ORAM TANKER LTD. in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff ORAM TANKER LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: October 4, 2007

Kirk M. Lyons

Kirk M. Lyons

U:\kmhldocs\2652003\Pleadings\Verified Complaint.doc